Local 799 v. City of Providence        CV-02-449-B    01/31/03

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Local 799 Of The International</u>
<u>Association of Firefighters, AFL-CIO</u>

   v.                                    Civil No. 02-449-B
                                         Opinion No. 2003 DNH 021
<u>City of Providence, et al.</u>



<u>MEMORANDUM AND ORDER</u>

Local 799 of the International Association of Firefighters, AFL-CIO ("Local 799"), brings this civil action for declaratory relief against the City of Providence and various City officials. It argues that the City is violating its members' rights under the Constitution's Contract Clause, U.S. Const. art. 1 § 10 cl. 1, because it has adopted ordinances that reduce cost of living adjustments ("COLAS") to which the retired firefighters are entitled under various collective bargaining agreements ("CBAs").

Defendants argue in a motion for summary judgment that Local 799's claims are barred by the doctrine of claim preclusion because a related group of firefighters litigated and lost a prior lawsuit raising substantially the same arguments.

## I.

### A.    <u>Relevant Ordinances and Collective Bargaining Agreements</u>

In December 1989, the City's Employee Retirement Board increased the COLAS payable to the City's retired firefighters. See <u>Picard v. Employee Retirement Bd.</u>, 275 F.3d 139, 140 (1st Cir. 2001).  The City Council objected to the increases and initiated litigation in state court challenging the Board's authority to approve the COLAs.  <u>See</u> <u>id.</u> at 141.  Shortly thereafter, the Council approved a CBA for the period beginning July 1, 1990 and ending June 30, 1992.  <u>See</u> Ex. E ("1990-92 CBA").  The 1990-92 CBA obligated the City to give a compounded 4% compounded COLA to firefighters who retired on or after July 1, 1990 but before July 1, 1991 and a compounded 5% COLA to firefighters who retired on or after July 1, 1991.  <u>See</u> <u>id.</u>  The City Council later memorialized the new COLAs in an ordinance.  <u>See</u> Ex. D, Providence Code of Ordinances, Ch. 1991-5 § 9 ¶ 18(a) ("1991 Ordinance").

The City attempted to settle its claims against the Retirement Board in 1991 by agreeing to a Consent Decree.   <u>See</u>

Picard, 275 F.3d at 141.  The Consent Decree specified that firefighters who retired after January 1, 1990 would receive a compounded 6% COLA.  See id.  The City initially complied with the Consent Decree.  In 1992, however, the City Council rejected a proposed CBA for the period beginning July 1, 1992 and ending June 30, 1995 that would have guaranteed firefighters the COLAs called for by the Consent Decree.  See Ex. F ("1992-95 CBA").  Shortly thereafter, the Council initiated an action in state court seeking to vacate the Consent Decree.  See Picard, 275 F.3d at 141.[1]

The City Council adopted four ordinances over the next several years that reduced the COLAs payable to retired firefighters.  On January 6, 1994, the Council passed an ordinance terminating the compounded 6% COLA called for by the Consent Decree ("1994 Ordinance").  See Picard, 275 F.3d at 141.  On August 5, 1995, the Council passed an ordinance specifying that the COLA would be reduced to a simple 3%.  See Ex. A,

[1]  This litigation ultimately was resolved by an April 3, 2000 decision of the Rhode Island Supreme Court holding that the Consent Decree was valid but covered only employees who retired on or before December 18, 1991.  See id. at 141-142 (citing City of Providence v. Employee Retirement Bd., 749 A.2d 1088, 1099-1100 (R.I. 2000)).

Providence Code of Ordinances, ch. 1995-17 § 9 ("1995 Ordinance"). On February 23, 1996, the Council reduced the maximum amount of a firefighter's annual retirement benefit on which the 3% COLA was payable to the first $10,000 of a retiree's annual benefit. See Ex. B, Providence Code of Ordinances, ch. 1996-4 § 1 ("1996 Ordinance"). On May 28, 1998, the Council changed the amount of the benefit on which the COLA was payable to the first $1,000 of a retiree's monthly benefit. See Ex. C, Providence Code of Ordinances, ch. 1998-22 § 1.

Local 799 and the City were unable to agree on a CBA for the period beginning July 1, 1995 and ending June 30, 1996. The parties submitted their disagreements to arbitration and the arbitrators issued their decision on March 25, 1998. See Ex. G. The arbitrators noted the parties' disagreement concerning the cost of living issue, but declined to resolve it because the matter was then in litigation. See id.

The parties entered into a CBA for the period beginning July 1, 1996 and ending June 30, 1999 which does not address the cost of living issue. A subsequent CBA for the period beginning July 1, 1999 and ending June 30, 2001 provides that the cost of living issue should be submitted to arbitration. See Ex. H. However,

-4-

the record contains no evidence suggesting that the issue was ever arbitrated.

B. <u>Picard v. City of Providence</u>

In 1999, 60 former Providence firefighters who retired after January 1994 sued Providence in Federal District Court asserting that the City's 1994, 1995, 1996, and 1998 Ordinances wrongfully deprived them of COLAs to which they were entitled under the 1991 Consent Decree and the 1992-95 CBA. See <u>Picard v. City of Providence</u>, 1999 WL 814274 (D.N.H. 1999). The district court resolved that case by holding that the plaintiffs were barred by the <u>Rooker-Feldman</u> doctrine from litigating their claims based on the 1994 Consent Decree and they had no enforceable rights based on the 1992-95 CBA because it was never ratified. See <u>id.</u> at *3. The First Circuit affirmed the district court's decision. See <u>Picard</u>, 275 F.3d at 139 (1st Cir. 2001).

## II.

Local 799 claims that the 1995, 1996, and 1998 Ordinances violate its members' rights under the Constitution's Contract Clause because they impair contract rights to higher COLAS that

the firefighters originally acquired under the 1990-92 CBA.[2]  The defendants argue that the doctrine of claim preclusion bars Local 799 from making this argument because the firefighters the union represents could have raised the union's claim in the <u>Picard</u> litigation.

Because <u>Picard</u> is a federal court decision, federal law determines its preclusive effect.  <u>See</u> <u>Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n</u>, 142 F.3d 26, 37 (1st Cir. 1998). The essential elements of claim preclusion are: "(1) a final judgment on the merits in an earlier suit," (2) "sufficient identicality between the causes of action asserted in the earlier and later suits," and (3) "sufficient identicality between the parties in the two suits."  <u>Perez v. Volvo Car Corp.</u>, 247 F.3d 303, 311 (1st Cir. 2001)(quoting <u>Gonzalez v. Banco Cent. Corp.</u>, 27 F.3d 751, 755 (1st Cir. 1994)).  Local 799 concedes that the

---

[2]  Local 799 also claimed in its complaint both that the City Council lacked power under Rhode Island law to adopt the Ordinances and that the Council violated the Rhode Island Firefighters Arbitration Act, R.I. Gen. L. § 28-9.1-9, <u>et</u> <u>seq.</u> (1956 & Supp. 2001).  The union abandoned both arguments, however, by failing to respond to the defendants' summary judgment motion challenging them.  <u>See</u> <u>Grenier v. Cyanamid Plastics, Inc.</u>, 70 F.3d 667, 678 (1st Cir. 1995) ("[A]n issue raised in complaint but ignored at summary judgment is deemed waived.")

doctrine's first and third elements have been satisfied. See Pl.'s Mem. in Opp. to Def.'s Mot. for Summ. Judg. at 15. Thus, the only remaining issue is whether its cause of action is substantially identical to the cause of action litigated in Picard.

The First Circuit employs a transactional approach in determining whether causes of action are substantially identical. See In re Iannochino, 242 F.3d 36, 46 (1st Cir. 2001). Among the factors that a court should consider in making this determination are: (1) "whether the facts are related in time, space, origin or motivation"; (2) "whether they form a convenient trial unit"; and (3) "whether their treatment as a unit conforms to the parties' expectations." Id. (quoting Restatement (Second) of Judgments § 24 (1982). Local 799 makes no attempt to address these criteria. Instead, it merely asserts that the doctrine is inapplicable because the plaintiffs in Picard did not make the same arguments that it is making in this case. This response manifests a fundamental misunderstanding of the doctrine of claim preclusion. The doctrine requires substantial identicality of causes of action, not arguments. Local 799 challenges the lawfulness of the 1995, 1996, and 1998 Ordinances, just as did

the plaintiffs in <u>Picard</u>.  While this case differs slightly from <u>Picard</u> because Local 799 bases its challenge primarily on the 1990-92 CBA whereas the plaintiffs in <u>Picard</u> based their challenge on the Consent Decree and the 1992-95 CBA, both cases turn on the same closely related sets of facts.  The only logical way to try both cases would be to treat them as a single unit.  Accordingly, anyone with more than a marginal familiarity with the litigation process would understand that the claims should be treated as a single unit.  Local 799's claims thus are barred by the doctrine of claim preclusion.

This dispute has been fought in too many courtrooms for too long a time.  The firefighters had a full and fair opportunity to challenge the lawfulness of the 1995, 1996 and 1998 Ordinances in the <u>Picard</u> litigation.  Their failure to take advantage of that opportunity does not entitle them yet another day in court.  Defendants' motion for summary judgment (Doc. No. 4) is granted.

SO ORDERED.

_____

Paul Barbadoro
Chief Judge

January  31, 2003

cc:  Edward C. Roy, Jr., Esq.
     Kevin F. McHugh, Esq.
     Clerk, USDC-RI